# C|C Cantor Colburn LLP

*Intellectual Property Attorneys*

*William J. Cass*
*Partner*
wcass@cantorcolburn.com

July 2, 2014

**<u>Via Electronic Court Filing</u>**

The Honorable Donovan W. Frank
U.S. District Judge
United States District Court
 For the District of Minnesota
724 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re:     *Stratasys Inc. v. Microboards Technology, LLC d/b/a Afinia*
          Case No.:  13-cv-03228-DWF-JJG

Dear Judge Frank:

We represent Microboards Technology LLC d/b/a Afinia (hereinafter "Afinia").  This letter has been written pursuant to the Court's request dated June 27, 2014 concerning Plaintiff Stratasys, Inc.'s ("Stratasys") intent to dismiss Count I of the Complaint, which alleges infringement of U.S. Patent No. 5,653,925 ("the '925 patent").

On January 2, 2014, Afinia plead in its initial Answer, *inter alia*, that the '925 patent was invalid in light of Stratasys' expired patent, U.S. Patent No. 5,121,329, which was never submitted to the Patent Office. [Dkt. No. 15.]  On January 31, 2014, Afinia filed an Amended Answer alleging, inter alia, that Stratasys committed inequitable conduct in the proceedings before the Patent Office by failing to disclose its own expired patent and the existence of its relevant 3D Printer products. Briefly, the '925 patent is directed to adjusting the rate of dispensation of the material as it is applied to the object.  The expired Stratasys patent, U.S. Patent No. 5,121,329, taught the adjustment of the rate of dispensation.  See ¶ 51, Dkt. No. 15. Stratasys alleged that Afinia infringed the '925 patent by adjusting the fill settings (road widths) in the construction of the object.  See ¶ 26, Complaint [Dkt. No. 1].  Investigation later determined that this feature was available in Stratasys' prior FDM 1500 product.   *See* Defendant's Opposition to Stratasys' Motion to Dismiss filed on March 14, 2014 and FDM Documentation Circa 1994 Appendix MI [Dkt. Nos. 33 and 34-7].[1]

Stratasys previously refused to withdraw its claim of infringement and moved to dismiss Afinia's counterclaims, necessitating investigation, extensive briefing, and travel expenses. During the hearing held on April 18, 2014, Stratasys represented that it would not resist Afinia's

---

[1]     U.S. patent No. 5,866,058 ("the '058 patent") has similar problems with respect to the heating cabinet. *See* Defendant's Opposition to Plaintiff's Motion to Dismiss [Dkt. No. 33].



## Cantor Colburn LLP
*Intellectual Property Attorneys*

discovery concerning the issues relating to the counterclaims but has not produced the system documentation relating to its prior products. Afinia sent a deficiency letter concerning the lack of production (as to many requested items) on June 17, 2014 and has received no reply.

On June 19, 2014, Stratasys served a First Supplemental Response to Defendant's Interrogatory No. 1, indicating it was no longer asserting the '925 patent. Stratasys seeks to dismiss Count I with prejudice and seeks dismissal of Afinia's counterclaims without prejudice (citing *Graco, Inc. v. Techtronic Industries North America*, 2010 WL 915213, at \*3 (D. Minn. March 9, 2010)). *Graco*, however, is distinguishable because the complaint had only recently been served, no Rule 26 conference had been held, the defendant did not oppose dismissal of its counterclaims, and unlike the instant case, significant expenses had not been incurred by the defendant. As set forth in *Walter Kidde Portable Equipment, Inc. v. Universal Security Instruments, Inc.*, 479 F.3d 1330, 1334-5 (Fed. Cir. 2007), a court may not dismiss a defendant's counterclaims on a plaintiff's Rule 41 motion if the defendant has filed them before the dismissal motion was filed.

Afinia contends that the issues relating to the counterclaims associated with the '925 patent (Count 1) are not mooted and/or otherwise exhausted by Stratasys' decision to no longer assert Count 1. First, the patent would still be enforceable against any new product which Afinia may sell and/or chose to develop. Second, the conduct associated with the '925 patent evidences a pattern of conduct that is also relevant to the '058 patent (and potentially others that have been asserted). There are significant anti-trust issues under *Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347 (1965) and its progeny that Afinia is entitled to explore that are based on the fraud at the patent office.[2] There is also the issue of attorneys' fees. On April 29, 2014, the U.S. Supreme Court addressed the legal standard for finding a patent infringement case exceptional and justifying an award of attorneys' fees, pursuant to 35 U.S.C. § 285. *See Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, No. 12-1184, 2014 WL 1672251 (April 29, 2014); and *Highmark Inc. v. Allcare Health Management System, Inc.*, No. 12-1163, 2014 WL 1672043 (April 29, 2014).

In conclusion, Afinia believes that its counterclaims should remain pending with Stratasys' dismissal of Count I, and that it is entitled to further briefing and discovery on the issues set forth in this letter.

Respectfully submitted,

By: /s/ Mark J. Burns
Mark J. Burns, Esq., (MN 0308055)

By: /s/ William J. Cass
William J. Cass, Esq. Admitted (Admitted *pro hac vice*) (CT 415081)

WJC/kav
cc: All Counsel of Record (By E-Mail/ECF)

---

[2]    Market studies and market share information are among the many categories of documents that Stratasys has not produced. Afinia has submitted a market study with its opposition papers that establishes Stratasys holds monopoly power. See Dkt. No. 34-8 **[Filed Under Seal.]**