

FaegreBD.com                                                                 USA ▾ UK ▾ CHINA

**Timothy E. Grimsrud**
*Partner*
**tim.grimsrud@FaegreBD.com**
Direct **+1 612 766 8925**

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Phone **+1 612 766 7000**
Fax **+1 612 766 1600**

July 2, 2014

<u>**VIA ECF**</u>

Honorable Donovan W. Frank
United States District Court
724 Federal Building
316 N. Robert Street
St. Paul, MN  55101

Re:     <u>Stratasys Inc. v. Microboards Technology, LLC d/b/a Afinia</u>, Civil No. 13-3228 (DWF/JJG)

Dear Judge Frank:

In its Complaint in this case, Stratasys alleged that Afinia has infringed four different patents. Stratasys has decided to voluntarily dismiss with prejudice one of the counts: Count 1 for Infringement of U.S. Patent No. 5,653,925 ("the '925 patent") (hereinafter, "Infringement Count 1"). Upon making its decision, Stratasys promptly notified Afinia and proposed a stipulation to dismiss Infringement Count 1 with prejudice and to dismiss as moot all counterclaims and affirmative defenses relating to Infringement Count 1. After Afinia declined the proposed stipulation, Stratasys contacted the Court to **(1)** schedule briefing on a motion by Stratasys to voluntarily dismiss with prejudice its Infringement Count 1 and to dismiss without prejudice any counterclaims and affirmative defenses that relate to Infringement Count 1; and **(2)** notify the Court that, in Stratasys's view, Stratasys's decision to dismiss Infringement Count 1 with prejudice moots the portions of Stratasys's pending Motion to Dismiss Defendant's Counterclaims of Inequitable Conduct and Strike Affirmative Defenses of Patent Misuse, Dkt. No. 28 ("Motion to Dismiss") that relate only to Infringement Count 1 and the '925 patent. Stratasys's general arguments on these issues are set forth below.

**<u>Issue 1</u>: Dismissal of Infringement Count 1 and related counterclaims.** As an initial matter, Stratasys's decision to **voluntarily** dismiss **with prejudice** Infringement Count 1 of the '925 Patent requires dismissal without prejudice of all of Afinia's counterclaims relating to Infringement Count 1—i.e., counterclaims for declaratory judgments of non-infringement (Counterclaim 1), invalidity (Counterclaim V), and unenforceability for inequitable conduct of the '925 patent (Counterclaim IX). (*See* Afinia Amended Counterclaims, Dkt. No. 20.) This is because, as this District expressly held on almost identical facts, a plaintiff's decision to **voluntarily dismiss** an infringement count **with prejudice** "eliminate[s] any 'case or controversy' with respect to that Count, and to any Counterclaims that [defendant] has asserted that relate to that specific claim of infringement." *Graco, Inc. v. Techtronic Indus. N. Am.*, 2010 WL 915213, at *3 (D. Minn. Mar. 9, 2010). Afinia cannot identify any continuing

Honorable Donovan W. Frank						-2-						July 2, 2014

"case or controversy" with respect to the '925 patent. During the meet and confer process, Afinia mentioned the need for a covenant not to sue, but as recognized in *Graco*, courts "cannot meaningfully distinguish a Covenant Not to Sue from the dismissal with prejudice." *Id.* Afinia also cited a number of cases stating that after a ruling on noninfringement, courts may continue to exercise jurisdiction over counterclaims for invalidity or unenforceability. But those cases address situations in which the district court made a substantive ruling on noninfringement that is subject to appeal, thereby maintaining a live dispute. By contrast, in this case, Stratasys is **voluntarily** dismissing Infringement Count 1 **with prejudice**, which brings the dispute over the '925 patent to a final conclusion.

Afinia also raised the issue of attorney's fees, but that has nothing to do with whether there continues to be a "case or controversy" over Infringement Count 1 and its related counterclaims. Rather, the issue of attorney's fees is a collateral issue, which, if pursued, would require Afinia to file a motion for attorney's fees under 35 U.S.C. § 285 and show that this is an "exceptional case" that "stands out from others." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Here, Stratasys has saved judicial and party resources by voluntarily dismissing Infringement Count 1 early in the litigation, including before claim construction and before significant discovery—document production only recently commenced and there have been no depositions. The '925 patent, unlike the other patents-in-suit, will also expire before trial under the Court's scheduling order. Regarding the alleged inequitable conduct upon which Afinia apparently bases its theory that this case is "exceptional," Stratasys does not believe there are any grounds for the allegation, and notes that Stratasys has not even submitted evidence on this issue, as the only proceedings have involved the Motion to Dismiss.

**Issue 2: Effect of dismissal on pending Motion to Dismiss.** For similar reasons, Stratasys's voluntary dismissal with prejudice of Infringement Count 1 makes a ruling unnecessary on the portions of Stratasys's pending Motion to Dismiss that relate to the '925 patent. In particular, if the Court grants Stratasys's voluntary dismissal with prejudice of Infringement Count 1 and also dismisses the related counterclaims without prejudice, it is unnecessary for the Court to rule on the portions of Stratasys's Motion to Dismiss that seek dismissal of Afinia's counterclaim of inequitable conduct for the '925 patent (Count IX) and to strike the affirmative defense of patent misuse for the '925 patent. Stratasys's dismissal of Infringement Count 1 would not have any effect on the other portions of the Motion to Dismiss—namely, the portions that request that the Court dismiss Afinia's counterclaim of inequitable conduct for the '058 patent (Count X) and strike the other affirmative defenses of patent misuses.

In view of the above, Stratasys proposes that it proceed with its motion to voluntarily dismiss Infringement Count 1 with prejudice and related counterclaims without prejudice, and that the Court defer ruling on the pending Motion to Dismiss until after ruling on Stratasys's proposed motion.

Sincerely,

*s/Timothy E. Grimsrud*

Timothy E. Grimsrud