**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| STRATASYS INC., | ) | Civil No. 0:13-cv-03228 DWF-JJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF LAW IN** |
| v. | ) | **SUPPORT OF PLAINTIFF'S** |
| | ) | **MOTION TO VOLUNTARILY** |
| MICROBOARDS TECHNOLOGY, LLC d/b/a | ) | **DISMISS INFRINGEMENT** |
| AFINIA, | ) | **COUNT 1 AND RELATED** |
| | ) | **COUNTERCLAIMS AND** |
| Defendant. | ) | **AFFIRMATIVE DEFENSES** |
| | ) | |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 5

    I.   THE COURT SHOULD DISMISS STRATASYS'S COUNT 1  WITH
        PREJUDICE ...............................................................................................................5

    II.  THE COURT SHOULD DISMISS WITHOUT PREJUDICE AFINIA'S
        COUNTERCLAIMS AND AFFIRMATIVE DEFENSES RELATING TO THE
        '925 PATENT. ...........................................................................................................8

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AddVenture Prods., Inc. v. Smoothreads, Inc.*,
  2009 WL 3248097 (S.D. Cal. Oct. 8, 2009)....................................................14

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
  172 F.3d 852 (Fed. Cir. 1999) .......................................................................10

*Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc.*,
  92 F. Supp. 2d 483 (E.D. Va. 2000), *aff'd*, 262 F.3d 1258 (Fed. Cir. 2001) ....................9

*Benitec Austl., Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007)................................................................9, 10, 13

*C-Tech Corp. v. Aversion Techs.*,
  2012 WL 3962508 (D. Md. Sept. 7, 2012).......................................................6

*Degussa Admixtures, Inc. v. Burnett*,
  471 F. Supp. 2d 848 (W.D. Mich. 2007)..........................................................7

*Erdman Automation Corp. v. Spadix Techs., Inc.*,
  2007 WL 3407733 (D. Minn. Nov. 15, 2007).................................................9

*FDIC v. Becker*,
  166 F.R.D. 14 (D. Md. 1996) .........................................................................7

*Graco, Inc. v. Techtronic Indus. N. Am.*,
  2010 WL 915213 (D. Minn. Mar. 9, 2010) ............................................. passim

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
  840 F.2d 902 (Fed. Cir. 1988) ..................................................................11, 12

*Internet Pipeline, Inc. v. Aplifi, Inc.*,
  2011 WL 4528340 (E.D. Pa. Sept. 29, 2011)................................................11

*Jaramillo v. Burkhart*,
  59 F.3d 78 (8th Cir. 1995) ...........................................................................6, 7

*Jervis B. Webb Co. v. S. Sys., Inc.*,
  742 F.2d 1388 (Fed. Cir. 1984).....................................................................12

*Killer Joe Nevada LLC v. Leaverton*,
  2014 WL 3547766 (N.D. Iowa July 17, 2014) ..............................................13

*Larken, Inc. v. Wray,*
    189 F.3d 729 (8th Cir. 1999) ............................................................................6

*Loop Paper Recycling, Inc. v. JC Horizon, Ltd.,*
    2011 WL 3704954 (N.D. Ill. Aug. 17, 2011) ...................................................9

*MedImmune, Inc. v. Genentech, Inc.,*
    549 U.S. 118 (2007) ..............................................................................9, 10, 12

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.,*
    134 S. Ct. 1749 (2014) ....................................................................................14

*PODS, Inc. v. Porta Stor, Inc.,*
    484 F.3d 1359 (Fed. Cir. 2007) ........................................................................9

*Puello v. Citifinancial Servs., Inc.,*
    2010 WL 1541503 (D. Mass. Apr. 16, 2010) ...................................................6

*SL Waber, Inc. v. Am. Power Conversion Corp.,*
    135 F. Supp. 2d 521 (D.N.J. 1999) .................................................................13

*Super Sack Mfg. Corp. v. Chase Packaging Corp.,*
    57 F.3d 1054 (Fed. Cir. 1995) ...................................................................10, 13

*Vesture Corp. v. Thermal Solutions, Inc.,*
    284 F. Supp. 2d 290 (M.D.N.C. 2003) ...........................................................12

*Wilson v. Course-Hinds Co.,*
    556 F.2d 870 (8th Cir. 1977) ............................................................................8

**FEDERAL STATUTES**

35 U.S.C. § 285 ........................................................................................................14

**RULES**

Local Rule 7.1 .............................................................................................................5

Rule 12(b)(1) ...............................................................................................................9

Rule 12(b)(6) ...............................................................................................................2

Rule 12(f) ....................................................................................................................3

Rule 15(a) ....................................................................................................................8

Rule 41(a)(2) ........................................................................................................6, 7, 8

iii

## INTRODUCTION

By this motion, Stratasys voluntarily dismisses with prejudice Count 1 of its

Complaint for infringement of the '925 patent.  In addition, as this District held under

similar circumstances, Stratasys's decision to voluntarily dismiss with prejudice Count 1

not only "eliminate[es] any 'case or controversy' with respect to that Count," but also "to

any Counterclaims that [Afinia] has asserted that relate to that specific claim of

infringement" of the '925 patent.  *Graco, Inc. v. Techtronic Indus. N. Am.*, 2010 WL

915213, at *3-4 (D. Minn. Mar. 9, 2010).  Accordingly, by this motion, Stratasys also

requests that the Court dismiss without prejudice all of Afinia's counterclaims and

affirmative defenses relating to the '925 patent.

Leading up to the filing of this motion, Afinia did not contest dismissal of

Stratasys's Count 1, but only contested dismissal of Afinia's counterclaims relating to

Count 1.  But dismissal of Afinia's counterclaims should be without controversy.  Given

Stratasys's voluntary dismissal of Count 1 with prejudice, there is no basis for the Court to

retain jurisdiction over any of Afinia's counterclaims relating to the '925 patent.

Stratasys's **voluntary dismissal** of Count 1 **with prejudice** is not "meaningfully" different

from a covenant not to sue, and "eliminate[es]" any "case or controversy" over the '925

patent.  *Id.*  Stratasys, moreover, brings this motion early in the case, before Stratasys's

deadline for serving infringement contentions, before the parties have begun any claim

construction discovery, and before the parties have taken a single deposition.  Accordingly,

because there is no longer a "case or controversy" over infringement of the '925 patent,

there is also no basis for the Court to retain jurisdiction over Afinia's counterclaims and

1

affirmative defenses relating to the '925 patent.  Thus, the Court should dismiss Stratasys's

Count 1 with prejudice, and dismiss without prejudice all of Afinia's counterclaims and

affirmative defenses relating to Stratasys's Count 1.

## BACKGROUND

On November 25, 2013, Stratasys filed a Complaint against Afinia asserting

infringement of four patents: (1) Count I asserts infringement of U.S. Patent No. 5,653,925

("the '925 patent") [hereinafter, "Infringement Count 1"]; (2) Count II asserts infringement

of U.S. Patent No. 5,866,058 ("the '058 patent"); (3) Count III asserts infringement of U.S.

Patent No. 6,004,124 ("the '124 patent"); and (4) Count IV asserts infringement of U.S.

Patent No. 8,349,239 ("the '239 patent") (collectively, "the Asserted Patents").  (*See* Dkt.

No. 1 (Complaint).)

Afinia filed its amended answer on January 31, 2014, asserting eleven affirmative

defenses—including patent misuse as to each asserted patent—and counterclaims for

declaratory judgment of non-infringement and invalidity as to each asserted patent.  (*See*

Dkt. No. 20.)  Afinia also asserted counterclaims for declaratory judgment of inequitable

conduct as to the '925 Patent and the '058 Patent.  (*See* Dkt. No. 20 (Counterclaim Count

IX and Counterclaim Count X).)

On February 21, 2014, Stratasys filed its Motion to Dismiss Defendant's

Counterclaims of Inequitable Conduct and Strike Affirmative Defenses of Patent Misuse

("Motion to Dismiss and Strike").  (Dkt. No. 28.)  Stratasys's Motion to Dismiss and Strike

requested that the Court dismiss Afinia's inequitable conduct claims for the '925 patent

(Counterclaim Count IX) and '058 patent (Counterclaim X) without prejudice under Rule

12(b)(6), and strike Afinia's affirmative defenses of patent misuse under Rule 12(f).  The

Court held a hearing on Stratasys's Motion to Dismiss and Strike on April 18, 2014.

On May 16, 2014, Stratasys notified Afinia that it had decided to dismiss

Infringement Count 1 with prejudice.  Stratasys explained that "the '925 patent is set to

expire during the pendency of the action," and "in an effort to streamline the litigation and

increase judicial and party efficiencies," Stratasys would voluntarily dismiss Infringement

Count 1.  (Grimsrud Decl. ¶ 2.)[1]  Stratasys proposed a stipulation "to dismiss with

prejudice Count 1 – Infringement of the '925 Patent" and to "dismiss as moot all

counterclaims and affirmative defenses for the '925 patent."  (*Id.*)

Afinia rejected Stratasys's proposal on June 2, 2014, and proposed a

counter-proposal.  (Ex. 1.)[2]  On June 19, 2014, Stratasys rejected the counter-proposal, and

reiterated that "Stratasys is no longer asserting infringement by Afinia of [the '925

patent]," and that "Stratasys believes that this moots the pending motion to dismiss

Afinia's counterclaims and affirmative defenses with respect to the '925 patent."  (Ex. 2.)

Stratasys requested a meet and confer to discuss the issue.

The parties then exchanged the legal basis for their respective positions and held a

meet and confer.  Unable to reach an agreement, the parties subsequently contacted the

Court.  Pursuant to the Court's instruction, the parties filed letter briefs on July 2, 2014,

---

[1] Unless otherwise noted, all citations to "Ex.___" are to the numbered exhibits attached to the Declaration of Timothy E. Grimsrud, filed in support of this motion.
[2] Afinia's letter misidentified the relevant patent as the '239 patent rather than the '925 patent.

outlining their respective positions.  (*See* Ex. 3 (Afinia Letter, Dkt. No. 43); Ex. 4 (Stratasys Letter, Dkt. No. 44).)

For its part, Stratasys asserted that its "decision to **voluntarily** dismiss **with prejudice** Infringement Count 1 of the '925 Patent requires dismissal without prejudice of all of Afinia's counterclaims relating to Infringement Count 1—i.e., counterclaims for declaratory judgment of non-infringement (Counterclaim 1), invalidity (Counterclaim V), and unenforceability for inequitable conduct of the '925 patent (Counterclaim IX)." (Ex. 4 at 1.)  Stratasys explained that, "as this District expressly held on almost identical facts, a plaintiff's decision to **voluntarily dismiss** an infringement count **with prejudice** 'eliminate[s] any "case or controversy" with respect to that Count, and to any Counterclaims that [defendant] has asserted that relate to that specific claim of infringement.'"  (*Id.* (citing *Graco*, 2010 WL 915213, at *3).)

Afinia did not contest dismissal of Infringement Count 1 with prejudice.  Rather, Afinia contended that while the Court may dismiss Infringement Count 1 with prejudice, "the issues relating to the counterclaims associated with the '925 patent (Count 1) are not mooted and/or otherwise exhausted by Stratasys's decision to no longer assert Count 1." (Ex. 3 at 2.)

Following receipt of those letters, the Court issued a text entry notice, directing Stratasys to "file its motion to voluntarily dismiss infringement count 1, and also to withdraw its pending motion to dismiss (Doc. No. 28)."  (Dkt. No. 53.)  The Court further stated that "[a]fter the Court rules on the motion to voluntarily dismiss infringement count

I, Plaintiff may refile its motion to dismiss Defendant's counterclaims of inequitable

conduct and to strike affirmative defenses of patent misuse."[3]  (*Id.*)

Accordingly, pursuant to the Court's instructions, Stratasys now files this motion to

voluntarily dismiss Infringement Count 1 with prejudice, and to dismiss Afinia's

counterclaims and affirmative defenses relating to Count 1 without prejudice.[4]  Stratasys

also separately files a Notice of Withdrawal of Its Motion to Dismiss and Strike.  Pursuant

to the Court's instructions, Stratasys will plan to refile its Motion to Dismiss and Strike

after the Court rules on the instant Motion.

## ARGUMENT

For the reasons explained below, the Court should dismiss Stratasys's Infringement

Count 1 with prejudice.  In addition, because Stratasys's decision to voluntarily dismiss

Count 1 with prejudice "eliminate[es] any 'case or controversy' with respect to that Count,

and to any Counterclaims that [Afinia] has asserted that relate to that specific claim of

infringement," *Graco*, 2010 WL 915213, at *3-4, the Court should also dismiss without

prejudice all of Afinia's counterclaims and affirmative defenses relating to the '925 patent.

## I.     THE COURT SHOULD DISMISS STRATASYS'S COUNT 1 WITH PREJUDICE.

By this motion, Stratasys requests voluntary dismissal with prejudice of

Infringement Count 1 against Afinia.  Because Stratasys's decision to voluntarily dismiss

Infringement Count 1 with prejudice against Afinia means there is "no longer present an

---

[3] The Court also stated that "it will give the re-filed motion to dismiss calendar priority and will reserve the right to rule on that motion without a hearing." (Dkt. No. 53.)

5

actual 'case or controversy' over which the Court can have subject matter jurisdiction," the

Court should grant Stratasys's motion.  *Graco*, 2010 WL 915213, at *3; *see also Jaramillo*

*v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) (explaining that a dismissal with prejudice

"operates as a rejection of the plaintiff's claims on the merits and res judicata precludes

further litigation"); *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) (same).

Indeed, while district courts may exercise more discretion in considering motions to

voluntarily dismiss claims without prejudice, courts recognize that there is much less

discretion when a plaintiff "specifically request[s] that the dismissal be **with prejudice**."  9

Charles Alan Wright et al., Federal Practice & Procedure § 2367 at 551 (3d ed. 2008)

(emphasis added) (stating that in such a situation, the court "must" grant the motion); *see*

*also, e.g.*, *C-Tech Corp. v. Aversion Techs.*, 2012 WL 3962508, at *3 (D. Md. Sept. 7,

2012) ("Because district courts ordinarily 'must' grant a plaintiff's request for voluntary

dismissal with prejudice and because Defendants here have not offered any argument that

such a dismissal would prejudice their rights, C–Tech's Rule 41(a)(2) motion will be

granted."); *Puello v. Citifinancial Servs., Inc.*, 2010 WL 1541503, at *3 (D. Mass. Apr. 16,

2010) ("Given that the principle consideration for a court considering whether to dismiss a

case under Rule 41(a)(2) is whether dismissal would prejudice the defendant, the fact that

dismissal with prejudice secures the defendant's interests weighs heavily in support of

allowing such a motion." (quotations omitted)); *Graco*, 2010 WL 915213, at *3 ("Graco

has consented to entry of a dismissal, and conceded . . . that the dismissal can be with

---

[4] Pursuant to the Court's directive, the parties agreed to follow the standard briefing
schedule of Local Rule 7.1, and notified the Court of the same.

prejudice . . . , thereby eliminating any 'case o[r] controversy' with respect to that Count.");

*Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 851 (W.D. Mich. 2007) ("It

generally is considered an abuse of discretion for a court to deny a plaintiff's request for

voluntary dismissal with prejudice." (citations omitted)).

Afinia, moreover, has not and cannot point to any legal prejudice that would result

from Stratasys's dismissal of Infringement Count 1 with prejudice.  In fact, in its letter

brief, Afinia does not even contest the dismissal of Infringement Count 1.  Afinia's letter

only disputes the dismissal of its related counterclaims.  (*See* Ex. 3.)  But even if Afinia did

dispute the voluntary dismissal with prejudice of Infringement Count 1, such a dismissal is

still appropriate because there is no legal prejudice that would result from it.  In particular,

Stratasys's voluntary dismissal with prejudice of Infringement Count 1 "operates as a

rejection of the plaintiff's claims on the merits," precluding further litigation under res

judicata.  *Jaramillo*, 59 F.3d at 79; *see also FDIC v. Becker*, 166 F.R.D. 14, 15 (D. Md.

1996) ("The fact that [the plaintiff] seeks dismissal *with* prejudice is of paramount

importance.  Whenever a suit is dismissed without prejudice under Rule 41(a)(2), the

defendant remains under the threat of another lawsuit.  But when that threat is removed by

a dismissal with prejudice, any injustice to the defendant is significantly lessened."

(citations omitted)).  The case is also in its early stages—Infringement Claim Charts are not

due until September 2, 2014 (Dkt. No. 64) and claim construction discovery has not even

begun—and dismissal of Infringement Count 1 will only serve to streamline the case and

conserve party and judicial resources.

Accordingly, the Court should grant Stratasys's motion to dismiss Infringement Count 1 against Afinia with prejudice.[5]

## II. THE COURT SHOULD DISMISS <u>WITHOUT PREJUDICE</u> AFINIA'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES RELATING TO THE '925 PATENT.

In *Graco*, this District explained that when a plaintiff consents to dismiss a count of infringement with prejudice, the plaintiff "eliminat[es] any 'case or controversy' with respect to that Count, **and to any Counterclaims** that [defendant] has asserted that relate to that specific claim of infringement." *Graco*, 2010 WL 915213, at *3-4. The Court further explained that under such circumstances, it "cannot meaningfully distinguish a Covenant Not to Sue from the dismissal with prejudice." *Id.*

Here, as in *Graco*, "[Stratasys] has consented to the entry of dismissal . . . with prejudice, as to its Count I, which accuses [Afinia] of infringing upon [Stratasys's '925 patent], thereby eliminating any 'case o[r] controversy' with respect to that Count, **and to any Counterclaims** that [Afinia] has asserted that relate to that specific claim of infringement." *Id.* (emphasis added). Stratasys's voluntary dismissal with prejudice of Infringement Count 1, therefore, "eliminat[es] any case or controversy" over Afinia's counterclaims for declaratory judgment of non-infringement of the '925 patent

---

[5] Courts are somewhat divided on whether the authority to voluntarily dismiss with prejudice some but not all of the claims in a case stems from Rule 41(a)(2) or Rule 15(a). However, as the Eighth Circuit has held, the differences between Rules 15(a) and 41(a)(2) are "more technical than substantial." *Wilson v. Course-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977); *Graco*, 2010 WL 915213, at *3. And as this District explained in *Graco*, whether cast under Rule 15(a) or Rule 41(a)(2), the fact is that a voluntary dismissal of a claim with prejudice eliminates "an actual 'case or controversy'" and therefore requires dismissal of the claim. *Graco*, 2010 WL 915213, at *3.

(Counterclaim 1), declaratory judgment of invalidity of the '925 patent (Counterclaim V), and unenforceability for inequitable conduct of the '925 patent (Counterclaim IX).  *Id.* Accordingly, the Court should dismiss without prejudice Afinia's Counterclaims I, V, and IX under Rule 12(b)(1) for lack of subject matter jurisdiction.  *See Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127  (2007)) (affirming lack of subject matter jurisdiction for counterclaims of invalidity and unenforceability following dismissal pursuant to 41(a)(2)); *see also Graco*, 2010 WL 915213, at *3; *Erdman Automation Corp. v. Spadix Techs., Inc.*, 2007 WL 3407733, at *1 (D. Minn. Nov. 15, 2007) ("Pursuant to [patentee's] notice of intent to dismiss, the Court dismisses [patentee's] counterclaim [for patent infringement] with prejudice.  Having dismissed [patentee's] claim for patent infringement, the Court dismisses for lack of jurisdiction [alleged infringer's] claim for a declaratory judgment of noninfringement." (citations omitted)).

The Court should similarly dismiss all of Afinia's affirmative defenses relating to the '925 patent.  *See, e.g.*, *Loop Paper Recycling, Inc. v. JC Horizon, Ltd.*, 2011 WL 3704954, at *10 (N.D. Ill. Aug. 17, 2011) (finding affirmative defenses moot in light of Court's decision to dismiss underlying claims); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007) ("[O]ur finding of non-infringement moots any affirmative defense of invalidity."); *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc.*, 92 F. Supp. 2d 483, 500 (E.D. Va. 2000), *aff'd*, 262 F.3d 1258 (Fed. Cir. 2001) (finding affirmative defense moot in light of the Court's granting summary judgment of non-infringement).

9

Afinia has not identified any reasons for why there is still an "actual case or controversy" over the '925 patent that would prevent dismissal of its counterclaims without prejudice.  In its July 2, 2014 letter to the Court, Afinia stated that "the patent would still be enforceable against any new product which Afinia may sell and/or chose [sic] to develop."  (Ex. 3 at 2.)  But Afinia bears the burden "to establish that [declaratory judgment] jurisdiction existed at the time the claim for declaratory relief was filed and **that it has continued since**."  *Benitec*, 495 F.3d at 1344 (emphasis added); *see also Graco*, 2010 WL 915213, at *3-4.  And Afinia's conclusory and speculative statements about yet to be developed products fall far short of showing the existence of "a **substantial controversy**, between parties having adverse legal interests, of **sufficient immediacy and reality** to warrant the issuance of a declaratory judgment," especially where the '925 patent expires in about a year.  *Benitec*, 495 F.3d at 1343 (quoting *MedImmune*, 549 U.S. at 127) (affirming lack of subject matter jurisdiction for counterclaims of invalidity and unenforceability following dismissal pursuant to 41(a)(2)) (emphasis added); *see also Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) ("Amana argues that the Quadlux covenant did not remove Amana's reasonable apprehension of being sued with regard to its new products 'in the pipeline,' but not advertised, manufactured, marketed, or sold before the filing date.  However, an actual controversy cannot be based on a fear of litigation over future products." (citations omitted)); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995) ("The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of

10

invalidity."); *Internet Pipeline, Inc. v. Aplifi, Inc.*, 2011 WL 4528340, at *3 (E.D. Pa. Sept. 29, 2011) ("According to Aplifi, the action should continue so that it may obtain prior art discovery regarding this pending patent because the evidence goes back ten or more years and will be increasingly difficult to obtain if litigation between the parties occurs down the road. Aplifi's desire to preserve evidence for possible future suits, however, does not provide the court with subject matter jurisdiction. It is well settled that 'an actual controversy cannot be based on a fear of litigation over future products.'" (citations omitted)).

Afinia also asserted that its counterclaims are somehow relevant to other claims or potential claims. (*See* Ex. 3 at 2.) But this assertion also has no merit. In order for Afinia to pursue a declaratory judgment of non-infringement, invalidity, or unenforceability of the '925 patent, there must be an "actual case or controversy" over the '925 patent. Having an "actual case or controversy" over related patents, or even related claims in the same patent, is not sufficient. *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 840 F.2d 902, 905-06 (Fed. Cir. 1988) ("The actual controversy requirement precludes a declaration about the validity of claims unless the defendant objectively has a 'reasonable apprehension that it will face an infringement suit' on those claims. . . . Here, Maize has no 'reasonable apprehension' it will face an infringement suit on the process claims. GPC abandoned its charge that Maize had infringed them prior to trial, and since then has 'steadfastly refused to assert infringement' of those claims. There is also nothing in the record to suggest that Maize will be faced with a similar infringement suit in the future. Therefore, no case or controversy surrounds them, and the district court correctly refused to consider a

11

declaratory judgment of invalidity." (citations omitted));[6] *see also Jervis B. Webb Co. v. S. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984) ("Since Webb only asserted and litigated the infringement of claims 1, 3, 4, 8, 9 and 11, and the evidence in the record is inadequate to indicate the existence of a case or controversy regarding the remaining claims in the invalidity declaratory judgment counterclaim, we vacate that portion of the district court's holding regarding the invalidity of claims 2, 5-7, 10 and 12."); *Vesture Corp. v. Thermal Solutions, Inc.*, 284 F. Supp. 2d 290, 295-96 (M.D.N.C. 2003) ("As a result of Defendants' unequivocal statements of nonliability to Vesture, there is no actual controversy regarding the '856 patent.  Though Vesture may still question the validity of the '856 patent, this is not enough to create a justiciable case or controversy.").

Here, the fact is that with Stratasys's dismissal of Count 1, there is no justiciable controversy between Stratasys and Afinia relating to the '925 Patent.  Any threat of litigation that may have existed for the '925 patent now lacks the "immediacy and reality" required for subject matter jurisdiction.  *See MedImmune*, 549 U.S. at 127 ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

---

[6] Stratasys notes that in *MedImmune*, the Supreme Court rejected the "reasonable apprehension" of suit test in favor of a totality of the circumstances test for assessing declaratory judgment jurisdiction.  *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  The reasoning and holdings in *Grain Processing* and similar pre-*MedImmune* cases apply with full force under the totality of the circumstances test, where the key question is whether there is "a substantial controversy" of sufficient "immediacy" and "reality" to "warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

CASE 0:13-cv-03228-DWF-TNL   Doc. 68   Filed 08/04/14   Page 17 of 19

Because no case or controversy exists after Stratasys's dismissal of its claim relating to the

'925 Patent, any related counterclaims are properly dismissed without prejudice for lack of

subject matter jurisdiction.  *See, e.g.*, *Killer Joe Nevada LLC v. Leaverton*, 2014 WL

3547766, at *5 (N.D. Iowa July 17, 2014) (finding counterclaim seeking declaration of

non-infringement moot and dismissed for lack of subject matter jurisdiction following a

dismissal with prejudice of the infringement claims); *Graco*, 2010 WL 915213, at *3-4

("[W]e find that the dismissal that Graco proposes, but with prejudice, together with a

dismissal, without prejudice, as to TTI's related Counterclaims, is appropriate."); *Benitec*,

495 F.3d at 1345-49 ("Nucleonics has not made a showing of 'sufficient immediacy and

reality' to support declaratory judgment jurisdiction.  The district court's judgment of

dismissal for lack of jurisdiction is affirmed."); *SL Waber, Inc. v. Am. Power Conversion

Corp.*, 135 F. Supp. 2d 521, 525 (D.N.J. 1999) ("[T]here is no independent jurisdictional

basis for APC's counterclaim for a declaratory judgment that the '991 patent is

unenforceable, invalid and not infringed[.]"); *Super Sack*, 57 F.3d at 1059-60.

Afinia is also incorrect in asserting that the issue of attorney's fees somehow creates

a "case or controversy" over the '925 patent that prevents dismissal of its counterclaims.

(Ex. 3 at 2.)  As an initial matter, any claim for attorney's fees is meritless—indeed,

Stratasys has saved judicial and party resources by dismissing Infringement Count 1 early

in the case, before Stratasys has served infringement contentions, before Afinia has served

invalidity contentions, before the parties have started any claim construction discovery,

and before a single deposition has been taken.  *See, e.g.*, *Graco*, 2010 WL 915213, at *3-4

(finding an award of fees would be "inappropriate" because plaintiff dismissed infringement claims with prejudice); *AddVenture Prods., Inc. v. Smoothreads, Inc.*, 2009 WL 3248097, at *2 (S.D. Cal. Oct. 8, 2009) (noting that attorneys' fees are "unjustified" where plaintiff dismisses with prejudice "because there is no risk of Plaintiff refiling the same suit and imposing duplicative expenses upon defendant"). In any event, attorney's fees is a collateral issue, which, if pursued, would require Afinia to file a motion for attorney's fees under 35 U.S.C. § 285 and show that this is an "exceptional case" that "stands out from others." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).[7] The issue of attorney's fees has nothing to do with whether there is a case or controversy over the '925 patent.

## CONCLUSION

For the foregoing reasons, Stratasys respectfully requests that the Court (1) dismiss with prejudice Stratasys's Infringement Count 1 of the '925 Patent against Afinia; (2) dismiss without prejudice Afinia's Counterclaim Counts I, V, and IX; and (3) dismiss without prejudice Afinia's affirmative defenses relating to the '925 Patent, including Afinia's Eighth Affirmative Defense (Patent Misuse of '925 Patent).

---

[7] For the record, regarding the alleged inequitable conduct upon which Afinia apparently bases its theory that this case is "exceptional," Stratasys does not believe there are any grounds for the allegation, and notes that Stratasys has not even submitted evidence on this issue, as the only proceedings in the case have involved the Motion to Dismiss and Strike.

14

Dated:  August 4, 2014                              **FAEGRE BAKER DANIELS LLP**

                                                    *s/ Timothy E. Grimsrud*
                                                    Kenneth A. Liebman (MN 236731)
                                                    Timothy E. Grimsrud (MN 034283X)
                                                    Lauren M.W. Steinhaeuser (MN 0392477)
                                                    Linzey A. Erickson (MN 0393058)
                                                    FAEGRE BAKER DANIELS LLP
                                                    2200 Wells Fargo Center
                                                    90 South Seventh Street
                                                    Minneapolis, MN 55402
                                                    Telephone: (612) 766-7000
                                                    Fax: (612) 766-1600

                                                    ***Attorneys for Plaintiff Stratasys Inc.***