UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stratasys, Inc.,                                             Civil No. 13-3228 (DWF/TNL)

          Plaintiff,

v.                                                                       MEMORANDUM
                                                                 OPINION AND ORDER

Microboards Technology, LLC, d/b/a Afinia,

          Defendant.

_____

Timothy E. Grimsrud, Esq., Kenneth A. Liebman, Esq., Lauren M.W. Steinhaeuser, Esq., Linzey A. Erickson, Esq., and Kevin P. Wagner, Esq., Faegre Baker Daniels LLP, counsel for Plaintiff.

William J. Cass, Esq., Nicholas A. Geiger, Esq., Tasia E. Hansen, Esq., and Herbert M. Bedingfield, Esq., Cantor Colburn LLP; and Mark J. Burns, Esq., Haugen Law Firm PLLP, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on Defendant Microboards Technology, LLC, d/b/a Afinia's ("Afinia") Motion for Partial Summary Judgment. (Doc. No. 46.) For the reasons discussed below, the Court denies Defendant's motion without prejudice.

## BACKGROUND

Plaintiff Stratasys, Inc. ("Stratasys") is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota. (Doc. No. 34, Ex. 5.) Defendant Afinia is a Minnesota company with its principal place of business in Chanhassen, Minnesota. (Doc. No. 60, Ex. 6.) Both Stratasys and Afinia develop, manufacture, and sell three-dimensional

("3D") printers. (Doc. No. 34, Ex. 5.) Stratasys also owns a number of patents that relate to 3D printing, including U.S. Patent No. 5,653,925 ("'925 Patent"), U.S. Patent No. 5,866,058 ("'058 Patent"), U.S. Patent No. 6,004,124 ("'124 Patent"), and U.S. Patent No. 8,349,239 ("'239 Patent"). (Doc. No. 60, Ex. 3.)

On November 25, 2013, Stratasys sued Afinia for patent infringement. (Doc. No. 1 ("Compl.").) In its complaint, Stratasys asserts the following four claims against Afinia: (1) infringement of the '925 Patent; (2) infringement of the '058 Patent; (3) infringement of the '124 Patent; and (4) infringement of the '239 Patent. (*Id.* ¶¶ 22-66.) Afinia filed a counterclaim seeking a declaration that the patents were invalid and not infringed by Afinia's 3-D printer products. (Doc. No. 15.) Afinia now moves for summary judgment on Stratasys' claim for infringement of the '124 Patent. (Doc. No. 46.)

## DISCUSSION

**I.     Summary Judgment Standard**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009). However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.   Defendant's Motion for Summary Judgment

Defendant argues that it is entitled to summary judgment on Plaintiff's claim for infringement of the '124 Patent because the patent claims cannot be read on the accused 3-D printer product. (Doc. No. 47 at 6.) In support of this argument, Defendant contends that the language of the '124 Patent claims is sufficiently straightforward to enable the Court to construe the meaning and scope of the claims as a matter of law. (*Id.* at 6, 13.) Specifically, Defendant asserts that the term "thin-wall," which appears in Claim 1 and 17 of the '124 Patent, means "between 0.005-0.015 inches." (*Id.* at 8-9.) Defendant argues that the undisputed dimensions of the accused product fall outside the scope of the patent claim terms, and therefore, the accused product does not infringe the '124 Patent. (*Id.* at 19.)

Plaintiff contends, however, that Defendant's motion is premature. (Doc. No. 59 at 28.) Plaintiff first argues that Defendant's motion is premature under the Court's Scheduling Order because the motion is based on disputed claim construction issues, such as the meaning of "thin-wall," and claim construction proceedings have not yet occurred. (*Id.*

at 13-20.) Plaintiff also asserts that Defendant's motion is premature under Rule 56(d) because the motion is based on disputed issues of material fact for which discovery has not yet occurred. (*Id.* at 9-10, 28-32.) Contrary to Defendant's assertion, Plaintiff maintains that the parties disagree on numerous material issues, including which parts of the accused product should be compared to the disputed "thin-wall" claim term and whether the accused product parts include a wall thickness of "0.005-0.015 inches." (*Id.* at 2, 21.) Finally, Plaintiff argues that Defendant's motion is premature because the motion is based almost exclusively on unsubstantiated and self-serving attorney argument. (*Id.* at 25-28.)

The Court concludes that Defendant's motion is premature at this stage of litigation. The Court finds that genuine issues of material fact exist on the issue of infringement of the '124 Patent and that the issues presented in Defendant's motion will be resolved more properly once discovery has concluded and the Court is presented with a full record for review. Accordingly, the Court determines that a ruling on the merits of Defendant's motion is procedurally inappropriate at this time. However, the Court reserves the right to award attorney fees and costs in the unlikely event that Defendant's arguments herein prove to be correct after claim construction proceedings.

**ORDER**

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. No. [46]) is **DENIED WITHOUT PREJUDICE.**


Dated:  October 22, 2014         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge