**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Stratasys, Inc.,                                             Civil No. 13-3228 (DWF/TNL)

            Plaintiff,

v.                                                    **MEMORANDUM**
                                                     **OPINION AND ORDER**

Microboards Technology, LLC, d/b/a Afinia,

            Defendant.

_____

Timothy E. Grimsrud, Esq., Kenneth A. Liebman, Esq., Lauren MarieWilliams Steinhaeuser, Esq., Linzey A. Erickson, Esq., and Kevin P. Wagner, Esq., Faegre Baker Daniels LLP, counsel for Plaintiff.

Andrew C. Ryan, Esq., William J. Cass, Esq., Nicholas A. Geiger, Esq., Tasia E. Hansen, Esq., and Herbert M. Bedingfield, Esq., Cantor Colburn LLP; and Mark J. Burns, Esq., Haugen Law Firm PLLP, counsel for Defendant.

_____

**INTRODUCTION**

This matter is before the court on Defendant Microboards Technology, LLC's, d/b/a Afinia ("Afinia" or "Defendant"), Motion to Stay Litigation Pending *Inter Partes* Review of the Asserted Patents (Doc. No. 120). For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

This patent infringement suit relates to three-dimensional ("3D") printing. Both Plaintiff Stratasys, Inc. ("Stratasys") and Afinia develop, manufacture, and sell

3D printers. (*See generally*, Doc. No. 1 ("Compl.").) Stratasys owns a number of patents that relate to 3D printing, including U.S. Patent No. 5,653,925 ("'925 Patent"), U.S. Patent No. 5,866,058 ("'058 Patent"), U.S. Patent No. 6,004,124 ("'124 Patent"), and U.S. Patent No. 8,349,239 ("'239 Patent"). (*Id.*) Plaintiff's claims generally relate to technology concerning the extrusion of a plastic filament that is found in 3D printers. (*See, e.g.*, Compl. ¶ 18.) The plastic filament moves by drive wheels through a heated liquefier and is deposited in layers to form a 3D object. (*See id.*) Temperature control, nozzle thickness, and so-called "road width" can impact the resulting object. (*See id.*)

Afinia filed three petitions with the Patent Trial and Appeal Board ("PTAB") on November 21, 2014, requesting that the Patent and Trademark Office (the "PTO")[1] reconsider the validity and scope of the patent claims asserted in this action under the *inter partes* review ("IPR") process[2] (the "IPR Petitions"). The three IPR Petitions are for the following patents: '124 Patent, '239 Patent, and '058 Patent. Stratasys's preliminary responses to the Petitions were due by March 5, 2015. The PTO now must decide whether to grant the IPR Petitions by June 5, 2015.

---

[1] PTAB is a subset of the PTO. Therefore, for ease of reference the Court will refer to both in the context of the IPR process as "the PTO."

[2] The IPR process is a relatively new trial proceeding conducted by the PTO to review the patentability of patent claims on grounds that could be raised under § 102 or § 103 and based on certain prior art. *See generally* 35 U.S.C. §§ 311-19. A petition seeking review through the IPR process must be filed within one year of being served with a patent infringement complaint. 35 U.S.C. § 315(b). Generally, the PTO has six months to decide whether to review the patents at issue and if it does accept review, the IPR should be completed within twelve months after that. *See* 35 U.S.C. § 316(a)(11).

With respect to discovery, both parties have produced documents, served interrogatories and requests for admission, taken depositions, and served third-party subpoenas. (*See* Doc. No. 132 ("Grimsrud Decl.") ¶¶ 4, 5.) The parties have filed a number of joint stipulations to amend the case schedule. (*See* Doc. Nos. 134 & 141.) Under the most recent proposed amended schedule, fact discovery will be completed by May 15, 2015. (*Id.*) Stratasys has served infringement contentions and Afinia has served non-infringement contentions and a prior art statement. (Grimsrud Decl. ¶¶ 4, 5.) The parties have also submitted their joint claim construction statement, including a Stratasys expert report. (*See id.*; *see also* Doc. No. 107.) Some dispositive motions have been decided (*see, e.g.*, Doc. Nos. 101 & 140), but a number of substantive dispositive motions likely remain (*see* Doc. No. 141).

Defendant now seeks a stay of this litigation pending a final determination by the PTO on the pending three IPR Petitions. (*See* Doc. Nos. 120 & 121.)

## DISCUSSION

**I.     Motion to Stay**

The power to manage its docket and to stay proceedings is within the district court's discretion. *See, e.g.*, *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, Civ. No. 12-2730, 2013 WL 4483355, at *3 (D. Minn. Aug. 20, 2013) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). The burden of establishing that a stay is appropriate is with the party seeking the stay. *Rensselaer Polytechnic Inst. v. Apple Inc.*, Civ. No. 13-633, 2014 WL 201965, at *3 (D. Minn. Jan. 15, 2014) (citation omitted).

Courts consider three factors to determine whether a stay of litigation is appropriate pending IPR by the PTO: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the litigation and facilitate the trial of that case; and (3) whether discovery is complete and a trial date is set. *Dane Techs.*, 2013 WL 4483355 at *1. Additionally, courts consider whether a motion to stay is premature in light of the status of the case. *See, e.g.*, *Intellectual Ventures II LLC v. U.S. Bancorp*, Civ. No. 13-2071, 2014 WL 5369386, at *8-9 (D. Minn. Aug. 7, 2014).

## II.   Stay Prior to grant of *inter partes* review

The Court first considers whether it can stay proceedings prior to the institution of the IPR process. The Court has the discretion to manage its docket, which includes the ability to issue a stay pending patent examination by the PTO and prior to a decision by the PTO regarding whether it will grant review of an IPR petition. *Polaris Indus., Inc. v. BRP U.S. Inc.*, Civ. No. 12-1405, 2012 WL 5331227, at *1 (D. Minn. Oct. 29, 2012) (citing *Ethicon*, 849 F.2d at 1426-27) (the Court's inherent power to stay proceedings and manage its own docket includes "the authority to order a stay of litigation pending reexamination of a patent by the PTO"); *see, e.g.*, *Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, Civ. No. 14-245 (D. Minn. Oct. 10, 2014) (Doc. No. 122-8) (granting the defendant's motion to stay litigation pending *inter partes* review).

However, as Plaintiff notes, and the Court agrees, courts in this district frequently deny requests for a stay as premature where such requests are made prior to a decision by the PTO regarding whether it will grant review of a party's IPR petition. *3M Co. v.*

4

*Saint-Gobain Abrasives, Inc.*, Civ. No. 14-128 (D. Minn. Nov. 18, 2014) (Grimsrud Decl. ¶ 6, Ex. 1) (finding the weighing of stay factors to be "highly speculative at this point" because the PTO has not yet decided whether to grant IPR review and denying a stay); *Skky, Inc. v. Manwin USA, Inc.*, Civ. No. 13-2086 (D. Minn. Oct. 29, 2014) (Grimsrud Decl. ¶ 7, Ex. 2) ("The uncertainty as to whether the PTO will grant the petition for IPR review makes weighing the three factors above highly speculative. . . . [a]ccordingly, this Court denies the motion to stay . . ."); *Dane Techs.*, 2013 WL 4483355, at *3 (denying the defendant's motion for a stay while waiting for the PTO to make its decision regarding whether to grant *inter partes* review).

At this point, it is indeed speculative whether the PTO will even grant review. Therefore, it is premature to decide whether a stay is appropriate. *3M Co. v. Saint-Gobain Abrasives, Inc.*, Civ. No. 14-128 (D. Minn. Nov. 18, 2014). Additionally, fact discovery will be ending in the middle of May and significant discovery is already underway. As a result, there is little point in staying discovery and related issues that will conclude in the near future. Moreover, the parties will know whether review of the IPR petitions will be granted in early June. Proceeding over such a short time period for the next few months will not unduly prejudice either party. As a result, the Court concludes that a stay is premature at this time. The Court, however, also briefly addresses the factors for a stay below, which further reflects the Court's view that a decision based on the stay-related factors is premature.

### III.     Factors for Stay

####     A.     Undue prejudice or clear tactical disadvantage

Defendant argues that there will be no "undue prejudice or tactical disadvantage" to Stratasys in the event of a stay. *Dane Techs.*, 2013 WL 4483355, at *2. Defendant asserts that there is no indication of delay or improper motive in the timing of its motion and argues Stratasys has shown no urgency in moving forward with this case. Defendant also contends that it is likely that the PTO will grant IPR. According to Defendant, in the "extremely unlikely event that the PTO confirms the claims of the Asserted Patents in the IPRs, and Stratasys prevails at trial, Stratasys can be adequately compensated with monetary damages." (Doc. No. 121 at 17.)

Plaintiff, on the other hand, argues that Afinia's decision to file right before the twelve-month deadline was "an inexplicable or unjustified delay." *Ecolab, Inc. v. FMC Corp.*, Civ. No. 05-831, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007). Plaintiff further asserts that because the parties are direct competitors and because Plaintiff seeks injunctive relief, a stay will cause undue prejudice and they cannot be adequately compensated by monetary damages.

First, the Court finds no unreasonable delay in Afinia's IPR request. Based on the timing of preliminary contentions, certain discovery, preparation of IPR petitions, and the complexity of the claims, filing within the twelve-month deadline was reasonable in this case. Second, the Court concludes that any prejudice or tactical disadvantage to Stratasys and, correspondingly, any tactical advantage to Afinia are minimal at this time. At this stage, the time until the PTO will decide whether to grant the IPR petitions is very short.

In light of the current state of discovery and other case deadlines, which are upcoming and are largely underway, little prejudice to either party exists.  However, while neither party is at a strong advantage with a stay, should IPR be denied, a stay would delay litigation "with no perceivable benefit" to either party.  Moreover, like in *Dane Techs.*, Stratasys should be able "to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the PTO takes an interest in reviewing the challenged claims." *Dane Techs.*, 2013 WL 4483355, at *3.  Further, any claims that IPR will be granted is speculative at this stage.  Thus, this factor weighs in favor of Stratasys.

### B. Simplification of issues in the litigation

Defendant asserts that a stay will simplify the issues because the PTO has historically either canceled or amended at least one claim a high percentage of the time. (Doc. No. 121 at 11.)  According to Defendant, the IPR process could result in the elimination of the need to even litigate the patents-in-suit.  Finally, Defendant argues that, at the very least, issues will be simplified by first allowing the PTO to address certain issues and to apply their expertise, analysis, and reasoning.  Plaintiff, however, asserts that this factor is speculative.  The Court agrees.  At this stage, the uncertainty with respect to whether IPR will be granted does not support a stay at this time.  *See e.g.*, *Skky*, Civ. No. 13-2086.  Thus, this factor weighs in favor of Stratasys.

### C. Stage of discovery and trial date

Defendant contends that substantial discovery, expert discovery, and a trial date still remain and therefore the factor relating to "whether discovery is complete and a trial date is set" weighs in its favor.  Plaintiff states just the opposite.  On this factor, the Court

agrees with Plaintiff. Document production is underway, depositions have been taken, claim construction is well underway, and so is expert-related work. (*See generally* Grimsrud Decl.; *see also* Case Docket.) The proposed schedule also reflects the view that discovery and motions are significantly in progress with proposed end dates in May. Again, Defendant's view that IPR will be granted is speculative. Thus, this factor weighs in favor of Stratasys.

In sum, after considering the factors and the question of prematurity, the Court concludes that Defendant has failed to meet its burden of showing that a stay is warranted at this phase in the proceedings and that weighing the stay-related factors is speculative at this time. However, this determination is without prejudice to the parties' ability to move to stay the proceedings should the IPR Petitions be granted.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay Litigation Pending *Inter Partes* Review of the Asserted Patents (Doc. No. [120]) is **DENIED**.[3] This denial is without prejudice to a parties' ability renew the motion to stay the proceedings should the IPR Petitions be granted.

Dated: April 10, 2015                         s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge

---

[3] The Court declines to set a claim construction hearing at this time in light of the pending decision by the PTO regarding whether to grant Defendant's IPR Petitions. In June, the Court will address either: (1) a stay of the proceedings, should the PTO grant the IPR Petitions and the parties move for a stay; or (2) the parties' briefing schedule for claim construction based on a likely hearing date in September 2015.