**UNITED STATE DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Stratasys, Inc.,

    Plaintiff,

v.

Microboards Technology LLC, d/b/a
Afinia,

    Defendants.

File No. 13-cv-3228 (DWF/TNL)

**ORDER OPINION**

Timothy E. Grimsrud, Linzey A. Erickson, **Faegre Baker Daniels LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for Plaintiff; and

William J. Cass, **Cantor Colburn, LLP,** 20 Church Street, Hartford, CT 06103, and Mark J. Burns, **Haugen Law Firm PLLP**, 121 Eighth Street South, Minneapolis, MN 55402, for Defendant.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Microboards Technology LLC's ("Afinia") Motion to Compel Infringement Contention, and, in the Alternative, to Exclude Additional Infringement Theories (ECF No. 110). The Court heard oral argument on February 17, 2015. (*See* ECF No. 137.) William Cass argued on behalf of Afinia, and Timothy Grimsrud argued on behalf of Plaintiff Stratasys, Inc. ("Stratasys"). For the reasons set forth herein, Plaintiff's Motion (ECF No. 110) will be denied.

### I. BACKGROUND

Stratasys commenced this lawsuit on November 25, 2013, alleging that Afinia offers for sale an H-Series 3D Printer that infringes on various patents held by Stratasys.

1

(ECF No. 1.) Afinia denied infringement and filed counterclaims for declaratory judgments of non-infringement and invalidity. (ECF No. 15.) The patent-in-suit at issue in the present motion, U.S. Patent No. 8,349,239 ("the '239 patent"), is entitled "Seam Concealment for Three-Dimensional Models." In layperson's terms, the '239 Patent concerns a method of 3D printing that is designed to conceal seams for aesthetic and functional purposes.

The Pretrial Scheduling Order provides the following with respect to the parties' claims charts and what they must contain:

> The Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present.

(ECF No. 144 at 1.) Stratasys produced its claim charts to Afinia on September 2, 2014. In its claim chart, Stratasys provided an annotated picture of a three-dimensional model that purported to show how the H-Series 3D Printer infringed on the '239 patent. (Cass Decl., ECF No. 113, Ex. A.) Stratasys's claim charts do not identify specific portions of source code that allegedly infringe on the '239 patent.

With the instant motion, Afinia argues that Stratasys's infringement contentions with respect to the '239 Patent are insufficient. Afinia argues that Stratasys's claim charts fail to identify exactly which portions of the source code at issue infringe on its patent, and that this failure either (a) requires Stratasys to supplement its claim charts and specifically identify the source code that infringes the '239 patent; or (b) merits an order

precluding Stratasys from advancing additional infringement theories that would use source code to prove up its infringement claims.

## II. ANALYSIS

### A. Legal Standard

Claim charts must contain enough information to provide notice of the party's infringement contentions and defenses, but they are not meant to be a substitute for discovery. "Claim charts must be sufficiently specific only 'to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement and raise a reasonable inference that all accused products infringe. Contentions that fail to provide defendant with fair notice of the plaintiff's infringement theories are insufficient and must be amended.'" *Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 WL 2945877 at *4 (D. Minn. Apr. 28, 2014) (quoting *Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, CV 12-01971-CW (KAW), 2013 WL 3361241 (N.D. Cal. July 3, 2013)).

Claim charts are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the shifting sands approach to claim construction.'" *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998)). Identifying and solidifying theories of liability early in a case through claim charts that clearly identify infringement contentions serves to focus discovery efficiently. Early disclosure of claim charts is generally meant to "make the parties more efficient, to streamline the litigation

process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *InterTrust Techs. Corp. v. Microsoft Corp.*, Civ. No. 01-1640, 2003 WL 23120174, at *2 (N.D. Cal. Nov. 26, 2003).

The District of Minnesota has adopted a special Rule 26(f) report, "Form 4," to help manage patent litigation. Form 4 provides for the patent holders to submit claim charts that identify where each limitation is found in the accused product or method, including the basis for each contention that the element is present. In response, accused infringers use the form to identify, with sufficient detail to provide notice to the patentee, (1) which limitations they contend are not found in their product or method, as well as (2) which limitations they concede are present in their product or method.

### B. Stratasys's Claim Charts Provide Sufficient Notice Of its Infringement Theories

Afinia argues that Stratasys is required to identify exactly which portions of the H-Series Printer's source code infringe on its patent, and that this failure should preclude Stratasys from relying on source code to prove up its infringement claims. The Court disagrees. The purpose of a claim chart is to set forth a party's infringement contentions with reasonable particularity so that the parties can focus and advance discovery. Claim charts are simply "tools meant to lock-in parties' respective infringement positions and, based on the *notice* provided by the charts, focus subsequent discovery efforts." *Bombardier*, 2014 WL 2945877 at *6 (emphasis added).

Afinia's motion seems to presume that Stratasys's claim charts comprise the only evidence on which Stratasys can rely to prove up its infringement claims. In *Oracle*

*America v. Google*, a case the parties discuss at length, Google moved to strike portions of Oracle's opening expert report, arguing the report extended to accused infringement theories that were not included in Oracle's claim chart. No. C 10-3651 WHA, 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011). Google asserted that Oracle's failure to identify a specific source code file in its claim charts precluded Oracle and its experts from using that document or file to support a theory of infringement. The court disagreed:

> It is undisputed that the file DvmDex.h was not named in the relevant portion of Oracle's infringement contentions. The DvmDex.h file itself, however, is not the element accused of performing the storing limitation of claim 11. Rather, the [expert] report identified specific *functions* located within that file as satisfying the storing limitation. Those functions also were identified in the relevant portion of Oracle's infringement contention. The reference to DvmDex.h in the [expert] report therefore does not constitute a new infringement theory. Just as an accused hammer may later be described as being located in a toolbox, the accused functions disclosed in Oracle's infringement contentions are described more fully in the [expert] report with reference to the file DvmDex.h.

*Id.* at *3. The *Oracle* court determined that the function the DvmDex.h file performed was identified at least twice in Oracle's claim chart, and therefore, the claim chart provided Google with sufficient notice of Oracle's infringement theories. *Id.*

Although the instant matter is at a different stage of the litigation, the same reasoning applies. Afinia argues that Stratasys's claim charts "fail[ ] to identify how the Afinia H-Series product, through its source code, generates a tool path in compliance with the method steps required in the claims." (Mem. in Supp. at 21.) The claim charts, though, need only provide Afinia reasonable notice of Stratasys's *theory* of infringement, not the specific lines of code that infringe. The claim charts include annotated

5

photographs that articulate how Stratasys contends the H-Series 3D Printer has met each claim in the '239 patent. With this information sufficiently noticed, the next step is for Stratasys to provide an expert report that more fully describes the particulars of its infringement theory.

The question that Afinia prematurely seeks to answer is whether the source code that might or might not eventually be referenced in Stratasys's expert reports invoke new infringement theories that are not contained in its claim charts. Because this potential problem has not yet manifest, however, the Court will not address it. The Court notes, however, that the *Oracle* court found that "the fact that a particular source code file was not cited in a disclosure of infringement contentions does not necessarily preclude later citations to that file." 2011 WL 4479305 at *5.

After careful review and consideration, the Court determines that Stratasys's claim charts provide reasonable notice of why it believes it will prevail on its infringement theory. The charts provide a limitation-by-limitation description of how, according to Stratasys, the H-Series 3D Printer infringes the '239 patent. The chart also includes annotated images that, when considered in context with Stratasys's assertions, illustrate how the H-Series 3D Printer performs the method steps comprising the '239 patent. Afinia's argument that Stratasys's claims charts and the included pictures fail to describe the actual operation or method steps of the printer is unavailing. Afinia's supplemental non-infringement contentions use the same images with different annotations to put forth a theory that the H-Series 3D Printer does not use a step-over arrangement as described in the '239 patent. The fact that Afinia is able to interpret, understand, and counter

6

Stratasys's infringement theories using the same photographs as evidence further demonstrates that Stratasys's claim charts provide reasonable notice of its infringement theories.

The Court will also deny Afinia's request for an order excluding Stratasys from offering additional infringement theories. Essentially, Afinia seeks an order that would prevent Stratasys from asking leave to amend its claim charts in the future. Nothing that has occurred thus far in this litigation, however, merits such an order. If at some later point in time Stratasys determines that it must amend its claim charts, it would be free to make a motion (and Afinia would be free to oppose it). Once the issue is ripe and properly before the Court, it will evaluate the motion's merits and determine whether Stratasys has met the appropriate standard. *See*, *e.g.*, *Bombardier*, 2014 WL 2945877 at *5 (citing cases). Based on the record before this Court, however, no reason for such a preemptive limitation exists.

### III.  CONCLUSION

Based upon the foregoing and the records, memoranda, and oral arguments of counsel, and for the reasons set forth on the record which are expressly incorporated by reference, **IT IS HEREBY ORDERED THAT**:

1. Afinia's Motion (ECF No. 110) is **DENIED;**

2. Because the Court finds this motion was substantially justified, *see* Fed. R. Civ. P. 37(a)(5)(B), each party shall bear its own costs and expenses in connection with this Motion;

3. All prior consistent orders remain in full force and effect; and

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: June 23, 2015

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Stratasys, Inc. v. Microboards Tech., LLC*
File No. 13-cv-3228 (DWF/TNL)